# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| TYRONE CLARK, | ) | | |
| Movant, | ) ) ) | | |
| v. | ) ) | Case No. | CV611-034 |
| UNITED STATES OF AMERICA, | ) ) ) | | CR610-002 |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

Tyrone Clark, who pled guilty to possession with intent to distribute 1, 3- trifluoromethylphenylpiperazine ("TFMPP"), moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) Specifically, he claims that his defense attorney, B. Daniel Dubberly, III, was ineffective for failing to object at sentencing to the presentence investigation report's ("PSI") criminal

---

[1] Unless otherwise noted, citations are to the docket in Clark's civil § 2255 case, number CV611-034. "Cr. doc." refers to documents filed under her criminal case, CR610-002. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

history calculation.[2] (*Id.* at 5-6.) He also contends that Dubberly was ineffective due to a conflict of interest. (*Id.* at 6-7.) The government disagrees. (Doc. 4.)

When addressing ineffective assistance of counsel claims, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the

---

[2] Clark received an 80-month sentence, well within the United States Sentencing Guidelines recommended sentencing range. (Cr. doc. 9 (judgment); PSI ¶ 54 (sentencing range of 70-87 months).)

case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Clark must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Under the prejudice prong, Clark must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

In Ground 1, Clark asserts that Dubberly was ineffective in two regards. First, he asserts that counsel should have argued that a 2001 conviction fell under the Georgia First Offender Act and should have been expunged after his completion of probation. (Doc. 1 at 5.) Next, he contends counsel should have objected to a criminal history point he received for a misdemeanor offense. According to Clark, the United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(c)[3] prohibit attributing criminal history points to misdemeanors.[4] (*Id.*)

---

[3] Section 4A1.1(c) is simply one step in a sequence advising the calculating officer to add a criminal history point for certain types of sentences. Presumably Clark meant to reference § 4A2.1(c), which explains which sentences are counted and which are excluded.

[4] Clark also conclusorily alleges that his attorney was ineffective in failing to challenge the weight of the drugs attributed to him in the PSI and "was ineffective at all phases during the . . . proceedings." (Doc. 1 at 5-6.) He does not elaborate on the assertions. As the government points out in its response (doc. 4 at 11-12), such claims do not merit § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland v. Washington*, 466 U.S. 668 (1984) ineffective assistance of counsel test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

Finally, Clark claims that Dubberly was ineffective for failing to attend the pre-sentencing PSI interview. (Doc. 1 at 6.) Not only has he failed to identify any prejudice stemming from that, but counsel's absence would not constitute deficient performance in any event because the Sixth Amendment right to counsel does not

As the government correctly asserts, Clark's Ground 1 claims are meritless. Convictions under Georgia's First Offender Act still count as criminal history points under the Sentencing Guidelines, even if the defendant completed his probation and received a First Offender discharge. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009). As the *Barner* court explained:

> Under the Georgia ["First Offender"] statutory scheme, "once the offender completes his sentence -- whether on probation or in prison -- he is discharged without an adjudication of guilt, and consequently does not suffer the civil disabilities normally suffered by those who have been adjudged guilty of an offense under Georgia law." *See Moore v. Kemp*, 809 F.2d 702, 727-28 (11th Cir. 1987) (en banc), *citing* O.C.G.A. § 42-8-60 (1985). Nevertheless, "if he committed a new crime, [the defendant] could lose the benefit of his first offender status, and his unadjudicated guilty plea . . . would be considered a prior conviction for the purposes of the habitual offender act." *Id.* at 809 F.2d at 727-28, *citing* O.C.G.A. § 17-10-7(a) (Supp. 1985). Under these circumstances, [defendant's] claim that "[t]he awarding of criminal history points for this offense completely contradicts the order of the Clayton County

---

apply to presentencing interviews by the Court's probation office. *See Okonkwo v. United States*, 2010 WL 1254333 at *10 (M.D. Ala. Mar. 5, 2010) (citing *United States v. Simpson*, 904 F.2d 607, 611 (11th Cir. 1990), which declined to address the issue but noted that three circuits have rejected it); *Williams v. United States*, 2009 WL 2486914 at *1 n.1 (S.D. Ga. Aug. 10, 2009) (collecting cases from the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits declining to recognize a right to counsel at a presentence interview and stating that the "vast majority of other circuits to hear th[e] issue found no violation of the right to counsel where a probation office conducts a presentence interview outside the presence of counsel, especially if the probation office has taken no action to exclude counsel.").

5

> judge and the First Offender Act," is plainly without merit. Moreover, the Sentencing Guidelines mandate the imposition of criminal history points, even if doing so undermined the purpose of the Georgia's First Offender Act. U.S. Sentencing Guidelines Manual § 4A1.2 & n. 9 & n. 10 (2008). Indeed, we have so held in comparable circumstances. *See United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990); *see also Hagins v. United States*, 267 F.3d 1202, 1207-08 (11th Cir. 2001).

*Barner*, 572 F.3d at 1253.

Turning to the second Ground 1 claim, the Court notes that U.S.S.G. § 4A1.2(c) explicitly permits attributing criminal history points for all "misdemeanor and petty offenses" unless the offense falls into certain categories. *See* U.S.S.G. § 4A1.2(c)(1)&(2). The conviction here was for possession of marijuana. (PSI ¶ 27.) It falls into none of those excepted categories and thus was properly counted.

Because any objection from Dubberly on Clark's Ground 1 claims was sure to fail, Clark cannot show that Dubberly performed deficiently or that he was prejudiced by such deficient performance. Ground 1 utterly fails under the *Strickland* standard.

In Ground 2, Clark claims that Dubberly rendered ineffective assistance based upon a conflict of interest. (Doc. 1 at 6.) He explains that Dubberly was actually a state judge who had previously sentenced

6

him for possession of cocaine and marijuana in 1998.[5] (*Id.*) Additionally, Dubberly "was personal friends" with the sentencing judge here. (*Id.*) Clark states that he "was extremely intimidated" by their close relationship. (*Id.*) The intimidation supposedly forced him to accept his attorney's advice not to object to the PSI or appeal his sentence. (*Id.*)

"The Sixth Amendment right to effective assistance of counsel encompasses the right to counsel untainted by conflicts of interest." *Lynd v. Terry*, 470 F.3d 1308, 1318 (11th Cir. 2006) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). "This right is violated when the defendant's attorney has an actual conflict of interest that adversely affects the lawyer's performance." *Cuyler*, 446 U.S. at 350. To prove ineffective assistance based upon a conflict of interest, movant must show: "(a) that his defense attorney had an actual conflict of interest, and (b) that this conflict adversely affected the attorney's performance."

---

[5] It is unclear whether Dubberly was still an active judge at the time he represented Clark. The Administrative Office of the Courts of Georgia does not have him listed, *see* Georgia Courts Website, *available at* http://www.georgiacourts.org/ (last visited May 12, 2011), though he was made a senior state court judge by Governor Sonny Purdue on April 9, 2007. *See* April 9, 2007 Executive Order, *available at* http://www.georgia.gov/gov/exorders/2007/apr/04_09_07_01.pdf (last visited May 12, 2011). According to Martindale-Hubbell, he is currently practicing law with the firm Dubberly & McGovern in Glennville, Georgia. *See* Martindale.com Website, *available at* http://www.martindale.com/B-Daniel-Dubberly-III/879085-lawyer.htm (last visited May 12, 2011).

*Reynolds v. Chapman*, 253 F.3d 1337, 1342 (11th Cir. 2001) (citing *Cuyler*, 466 U.S. at 348-49).

In order to satisfy the first prong -- establishing an actual conflict -- a § 2255 movant "must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative causes of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir. 1987). "A possible, speculative or merely hypothetical conflict does not suffice." *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987) (citing *Cuyler*, 446 U.S. at 350). "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler*, 446 U.S. at 350. Here, Clark does not even come close to showing that Dubberly labored under an actual conflict of interest. While there is the hypothetical possibility that he was somehow influenced by the prior state court adjudication or his friendship with the sentencing judge, that hypothetical possibility does not make the grade. Clark has not shown how Dubberly would have

been compromised in his ability to serve as a vigorous and effective advocate for Clark simply because he had once sentenced Clark (more than a decade earlier) during his tenure as a state court judge. There is no inherent conflict of interest arising from the representation, as a lawyer, of an individual that one previously sentenced when serving as a judge in an unrelated case.[6] A judge, who must remain impartial, is not in an adverse position with any party who appears before that judge, even a party accused of a crime. Nevertheless, a former judge is precluded from representing "anyone in connection with a matter in which the [former judge] participated personally and substantially as a judge," absent consent of all parties in the litigation. Ga. Rules of Prof'l Conduct § 1.12. Here, "the matter" in which Mr. Dubberly represented Clark -- a federal indictment filed some 10 years after his state prosecution had concluded -- involved the defense of criminal charges entirely unrelated to the earlier state prosecution. Thus, even under the prevailing standards of practice -- which are "'only guides'" and do not

---

[6] Clark has not suggested that 1998 state-court prosecution was related in any way to the 2010 federal prosecution at issue here.

establish *constitutional* requirements[7] -- Dubberly did not act improperly in representing Clark in this case. Nor has Clark shown how counsel's personal friendship with the district judge made him a less effective advocate. Clark has simply failed to demonstrate that his counsel had an actual conflict of interest in this case.

Clark also fails under the second prong. To demonstrate that the conflict adversely affected his attorney's performance, he must show "(1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense. *Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir. 2001). Clark has not offered any *plausible* alternative strategy or tactic that might have succeeded. His sentencing objections were sure losers. Nor has he suggested any plausible basis for an appeal.

Clark's claims fail. Accordingly, his § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA")

---

[7] *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

standards, as set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  16Th day of May, 2011.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**